IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPHINE KUHN 2007 TRUST,       )
et al.,                          )
                                 )
            Plaintiffs,          )
                                 )
     v.                          )     No. 10 C 3505
                                 )
DAVID MISIAK, et al.,            )
                                 )
            Defendants.          )

MEMORANDUM OPINION AND ORDER

On August 27, 2010 plaintiffs Josephine Kuhn 2007 Trust, James Kuhn 2007 Trust and Kemsing, Inc. voluntarily dismissed Counts I and II of their Amended Complaint in this action that stems from a STOLI (stranger-originated life insurance) transaction. That dismissal eliminated from the case both asserted federal question contentions, which had invoked the Securities Act of 1933 and the Securities Exchange Act of 1934, and left plaintiffs' remaining theories of recovery--advanced under the supplemental jurisdiction provisions of 28 U.S.C. §1367(c)--without any secure federal court mooring. Such a situation most commonly triggers dismissal of the state law claims without prejudice under the seminal teaching of <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966), although a federal court does have discretion to entertain such claims.

Because this Court had originally contemplated the latter course (the issues presented by the litigation appeared attractively complex and interesting), this Court and its able

law clerk who is normally assigned to odd-numbered cases engaged in a preliminary (but in depth) review of the parties' submissions on the two motions to dismiss that had been filed by defendants. But that examination has revealed that the more common practice exemplified by UMW v. Gibbs should prevail. While there is no obligation to provide a justification for adhering to that norm, a brief statement of some (but not all) of the reasons for reaching that decision follows.

First, conventional wisdom teaches that federal courts should generally be wary of operating at or beyond the outer fringes of established state law in pronouncing state law principles. Here the Illinois courts have not had occasion to speak to either (1) the application of appropriate policy considerations regarding STOLI transactions or (2) the application of legal principles established in other areas to such STOLI transactions, so that a federal court must necessarily guess in its prediction of how the Illinois Supreme Court would rule if confronted with the same situation.

Moreover, there is an added--and special--reason for this Court's deferral to Illinois state court jurisdiction in this instance. Even though the transaction at issue here antedated the July 1, 2010 effective date of the Viatical Settlements Act of 2009 by a few years, Illinois state courts might well take

that statute's prohibition of STOLI transactions[1] into account in ruling on the earlier validity of such transactions at common law--or they might not do so.  In this Court's view it would be irresponsible for a federal district court to venture into such uncharted waters, rather than leaving it to the state courts to fashion state law.

This Court had already reached the conclusion announced here when it received notice that Lincoln National Life Insurance Company, one of the defendants, had teed up a motion to strike significant portions of the material submitted in support of plaintiffs' opposition to Lincoln's dismissal motion, with that motion set for presentment on October 26.  That added layer of dispute, which would seek to heap Pelion upon Ossa in terms of the issues requiring resolution, has reinforced this Court's earlier-reached decision to leave the exposition of Illinois common law to the Illinois common law courts.

Accordingly this Court dismisses this action without prejudice under the authority of UMW v. Gibbs.  That of course moots all pending motions, including the one scheduled for

---

[1] 215 ILCS 159/5 defines STOLI arrangements, and 215 ILCS 159/50(a) sets out a flat-out prohibition:

> It is a violation of this Act for any person to enter into stranger-originated life insurance or STOLI as defined by this Act.

3

presentment on October 26.[2]

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: October 26, 2010

---

[2] Although the parties have expended considerable time and effort in connection with the pending motions to dismiss, that work does not of course constitute wasted effort. Those submissions will stand them in good stead as and when the claims and defenses are presented to a state court of competent jurisdiction.

4